UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTIS PRODUCE LLC,

        Complainant/Appellee,

-against-

ELITE FARMS, INC.,

        Respondent/Appellant

**MEMORANDUM & ORDER**
**18-CV-4018 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Respondent Elite Farms, Inc. ("Elite") appeals a June 14, 2018 reparation order ("Reparation Order") decided by a Judicial Officer of the United States Department of Agriculture ("USDA") in favor of complainant Santis Produce, LLC ("Santis") awarding Santis $29,993.00 plus interest and costs. (*See* Compl. (Dkt. 1); USDA Proceeding Record ("Record") (Dkt. 16-3).) Under § 499g(c) of the Perishable Agricultural Commodities Act ("PACA"), Elite's appeal is reviewed *de novo* by a federal district court, "except that the findings of fact and order or orders of the [USDA] shall be prima-facie evidence of the facts therein stated." 7 U.S.C. § 499g(c).

Currently pending before the court is Santis's motion for summary judgment. (*See* Mot. for Summ. J. ("Mot.") (Dkt. 24).) For the reasons explained below, the motion is GRANTED.

I. **BACKGROUND**

Unless otherwise noted, the following facts are derived from USDA's findings.

This action involves a dispute over payments allegedly owed for two separate shipments of mangos sold in June 2016 and July 2016 by Santis, a Texas LLC, to Elite, a New York corporation. (Record at ECF 15.) On May 20, 2016, Stay Fresh Distributors

("Stay Fresh"), a Florida broker, received an email from Mike Green, an Elite employee, authorizing Stay Fresh to purchase mangos. (*Id.* at ECF 18; May 20, 2016 Mike Green Email (Dkt. 16-3 at ECF 113).) On May 25, 2016, Stay Fresh approached Santis seeking to purchase mangos on Elite's behalf. (Record at ECF 15.) On June 30, 2016, Santis and Stay Fresh reached an oral agreement by which Santis agreed to sell a truckload of mangos to Elite for a total price of $17,141.00. (*Id.*) On July 6, 2016, Santis made another oral agreement with Stay Fresh to sell a second truckload of mangos to Elite for price of $12,852.00. (*Id*. at ECF 16.) Santis issued invoices to Elite for both deliveries of mangoes the day each agreement was made, and Elite received both invoices. (*Id.* at ECF 15-16.) On August 1, 2016, Bruce Levinson, counsel for Elite, sent a letter to Santis rejecting the invoices. (Aug. 1, 2016 Levinson Letter ("Levinson Letter") (Dkt. 27-2).) Elite has not paid Santis for either truckload of mangos, but it has paid Stay Fresh $5,510.00 and $6,426.00 for the respective shipments. (*Id.* at ECF. 17, 39.) The USDA concluded that these payments were Stay Fresh's brokerage fees. (*Id.* at ECF 39.)

After Elite refused to pay Santis for the mangos, Santis filed a petition with the U.S. Secretary of Agriculture on January 17, 2017 pursuant to PACA. (*Id.* at ECF 14, 51.) Elite subsequently brought an action in New York state court against Stay Fresh, seeking a declaratory judgment that Stay Fresh was never authorized to purchase produce as Elite's agent. *See* Order and Judgment, *Elite Farms, Inc. v. Stay Fresh Distributors, Inc.*, Ind. No. 654519/2016 (N.Y. Cty. Sup. Ct. July 17, 2017) (the "State Judgment"). On July 17, 2017, Judge Martin Schoenfeld issued a default judgment finding that Stay Fresh was not Elite's agent and was never authorized to act on Elite's behalf. (*Id.*) On January 11, 2018, the USDA issued an order finding that Elite had authorized Stay Fresh to act as its agent and that, as a result, Elite owed Santis a total of $29,993.00. (Record at ECF 14-25.)

On January 24, 2018, Elite filed a petition for reconsideration with the USDA, arguing both that the USDA's findings were unsupported and that the State Judgment precluded the USDA's findings with respect to the agency relationship between Elite and Stay Fresh. (*Id.* at ECF 8-11.) On June 14, 2018, the USDA denied Elite's petition, finding, *inter alia*, that the State Judgment had no preclusive effect because it was a default judgment to which Santis was not a party. (*Id.* at ECF 1-3.) On July 13, 2018, Elite commenced this appeal, repeating the arguments it had made to the USDA. (*See* Compl.; Mem. in Opp. to Mot. for Summ. J. ("Opp.") (Dkt. 29).)

On March 29, 2019, Santis moved for summary judgment, arguing that Elite has failed to produce sufficient evidence to rebut the USDA's findings. (Mot.) In opposition to the motion, Elite filed two affidavits, one from Yufusov and one from its counsel Bruce Levinson, asserting, *inter alia*, that Stay Fresh had no authority to act as Elite's agent. (*See* Apr. 24, 2019 Aff. of Avi Yufusov ("Yusufov Aff.") (Dkt. 27); Apr. 25, 2019 Aff. of Bruce Levinson ("Levinson Aff.") (Dkt. 28).)

## II. LEGAL STANDARD

### A. Motion for Summary Judgment under PACA

A court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89,

98 (2d Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[1]

In proceedings brought under 7 U.S.C. § 499g(c), reparation orders are treated as "prima-facie evidence of the facts therein stated." Therefore, "on a motion for summary judgment in a PACA case, '[the USDA's] findings have conclusive effect unless effectively rebutted.'" *Genecco Produce, Inc. v. Sandia Depot, Inc.*, 386 F. Supp. 2d 165, 170 (W.D.N.Y. 2005) (quoting *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1033 (D.C. Cir. 1988)).

Here, Elite "bears an initial burden of production at trial to call into question the prima facie validity of the Reparation Order."[2] *B.T. Produce Co., Inc. v. Robert A. Johnson Sales, Inc.*, 354 F. Supp. 2d 284, 288 (S.D.N.Y. 2004). Elite must "go beyond the pleadings and by [its] own affidavits, or by the depositions, . . . and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

### III. DISCUSSION

Comprising some twenty-one lines of text, Elite's memorandum in opposition to this motion is remarkable for its brevity. (Opp.) Elite advances one argument: that the State Judgment precluded the USDA from finding an agency relationship between Elite and

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

[2] Typically, the party moving for summary judgment bears an initial burden to demonstrate that the non-moving party "has 'failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 255 F. Supp. 3d 443, 451 (S.D.N.Y. 2015) (quoting *Celotex*, 477 U.S. at 322-23). In this case, PACA shifts the burden to Elite to rebut the USDA's findings. *See Frito-Lay, Inc.*, 863 F.2d at 1032.

4

Stay Fresh and thus compels this court to deny summary judgment.

Collateral estoppel[3] (or issue preclusion) "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Zapata v. HSBC Holdings*, 414 F. Supp. 3d 342, 348 (E.D.N.Y. 2019) (Garaufis, J.). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Russo v. City of New York*, 705 F. App'x 38, 39 (2d Cir. 2017) (summary order). This rule also applies to federal agencies. *See Alaska Dep't of Env. Conservation v. E.P.A.*, 540 U.S. 461, 490 n.14 (2004). New York courts find issue preclusion when "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Phifer v. City of New York*, 289 F.3d 49, 56 (2d Cir. 2002).

Elite fails under both factors. First, the State Judgment was obtained via Stay Fresh's default, and "under New York law, . . . an issue is not actually litigated if there has been a default." *Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan*, 263 F.3d 196, 202 n.7 (2d Cir. 2001). Second, Santis was not a party to the state court action and so did not have a "full and fair opportunity to

---

[3] Elite argues that the USDA is bound by the State Judgment, but does not label its preclusion argument as either res judicata or collateral estoppel. (Opp. at 2). Because the State Judgment only considered the agency relationship between Stay Fresh and Elite and not the transaction at issue here, Elite's argument is appropriately analyzed under collateral estoppel doctrine. *See Ostreicher v. Lincoln Nat'l Life Ins. Co.*, No. 17-cv-6904 (NGG), 2019 WL 7194478, at *4 (E.D.N.Y. Dec. 26, 2019).

litigate the issue."[4] *Phifer*, 289 F.3d at 56. Therefore, the USDA was not required to give the State Judgment preclusive effect.

Elite's brief in opposition relies exclusively on the asserted preclusive effect of the State Judgment. However, Elite's affidavits additionally fail to otherwise rebut the USDA's findings. Elite's affidavits advance a series of conclusory, self-serving statements. (*See, e.g.*, Levinson Aff. ¶ 7 ("There is no evidence to support a finding that Stay Fresh was authorized to act as an agent on behalf of Elite Farms.") The only documentary evidence Elite submits is a copy of its answer in the USDA proceeding (Answer in PACA Dkt. No. S-16-398 (Dkt. 28-1)), a copy of a letter from Elite's counsel rejecting the invoices (Levinson Letter), and a copy of the State Judgment. These documents do not in any way rebut the USDA's findings. Neither do Elite's transpicuous assertions—such as "there no emails, texts, letters, contracts, or anything else establishing Stay Fresh as our agent" (Yusufov Aff. ¶ 11)—attempt to even address, let alone rebut, the email from Mike Green explicitly authorizing Stay Fresh to buy mangos on Elite's behalf.[5]

The conclusory statements in Elite's affidavits do not rebut the USDA's findings and do not present a "genuine dispute" sufficient to "permit a reasonable juror to find for the party opposing the

---

[4] Elite has made no effort to overcome this prong by showing that Santis was in privity with Stay Fresh with regard to Stay Fresh's agency relationship with Elite. *Cf. People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008). It's only argument on this point is that Santis "is bound by the [State Judgment] because its interest and the interest of Stay Fresh were identical." (Opp. at 2.) Even if true, this is not relevant to the question at hand.

[5] This email is enough to establish an agency relationship between Elite and Stay Fresh under New York law, which requires "a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act." *N.Y. Marine & Gen. Ins. Co. v. Tradeline, LLC*, 266 F.3d 112, 122 (2d Cir. 2001).

motion." *Figueroa*, 825 F.3d at 98. Therefore, Santis' motion for summary judgment is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, Santis's (Dkt. 24) motion for summary judgment is GRANTED. The Clerk of Court is respectfully DIRECTED to enter judgment in favor of Santis and close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2020

                                                  /s/ Nicholas G. Garaufis
                                                  NICHOLAS G. GARAUFIS
                                                  United States District Judge